UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01862-JRO-TAB |
| | ) | |
| GENESIS LIFESTYLE MEDICINE OF | ) | |
| NEVADA, LLC, | ) | |
| GENESIS MOTHERSHIP, LLC, | ) | |
| GENESIS LIFESTYLE MEDICINE OF | ) | |
| INDIANAPOLIS, LLC, | ) | |
| SUMMIT LIFESTYLE MEDICINE, LLC | ) | |
| d/b/a GENESIS LIFESTYLE MEDICINE | ) | |
| OF GREENWOOD, | ) | |
| REJUVENATE MEDSPA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING JOINT MOTION TO APPROVE AND ENTER CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Before the Court is the Parties' Joint Motion to Approve and Enter Consent Judgment and Permanent Injunction ("Motion"). Dkt. [76]. For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND

Plaintiff Eli Lilly and Company initiated this lawsuit on October 21, 2024, Dkt. 1, and alleged that Defendants Genesis Mothership, LLC ("Genesis Mothership"); Genesis Lifestyle Medicine of Indianapolis, LLC ("Genesis Indianapolis"); Summit Lifestyle Medicine, LLC d/b/a Genesis Lifestyle Medicine of Greenwood ("Summit"); and Rejuvenate Medspa, LLC ("Rejuvenate"), engaged in deceptive and misleading advertising and promotion, and false advertising, in violation of 15 U.S.C. § 1125(a). Dkt. 52 at 30. The allegations further stemmed

from Defendants' alleged infringement on Plaintiff's trademarks in violation of the Lanham Act and state law. Dkt. 76-1 at 3. Defendants denied the allegations.

On May 19, 2026, the Parties filed the present joint motion, representing that they executed a confidential settlement agreement and requesting that the Court enter judgment and permanent injunction. Dkt. 76 at 1. The agreed proposed consent judgement would, in relevant part, preclude Defendants from

> using the Lilly Marks in a manner: (i) that is likely to cause confusion, to cause mistake, or to deceive as to affiliation, connection, association, origin, sponsorship, approval, or source of any Unapproved Compounded Drugs [*which are defined in the proposed permanent injunction*], and (ii) that promotes any Unapproved Compounded Drugs using the Lilly Marks [*which are also defined in the proposed permanent injunction*] when advertising, marketing, selling or promoting any Unapproved Compounded Drugs;
>
> Falsely stating or suggesting (including through the internet or through any social media) that Defendants' Unapproved Compounded Drugs are approved by the FDA; and
>
> Engaging in any conduct in the manufacture, promotion or sale of compounded tirzepatide products that does not comply with State or Federal laws applicable to compounded medications.

Dkt. 76-1 at 3–4. The Parties state that the Court shall retain jurisdiction in part to "enforce the provisions of this Permanent Injunction and the Parties' confidential settlement agreement, including disputes related thereto." *Id.* at 4.

## II. LEGAL AUTHORITY

Parties who settle active litigation have several options to finalize their case. First, a plaintiff can voluntarily dismiss a civil action by filing a stipulation

of dismissal signed by all parties who have appeared.   Fed. R. Civ. P. 41(a)(1)(A)(ii).  These dismissals effectively deprive the court of jurisdiction when filed.  *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007).  Second, a plaintiff can unilaterally move the court to dismiss an action under Rule 41(a)(2).  A court will grant a dismissal under Rule 41(a)(2) "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Third, parties may request a court enter a consent decree that reflects an agreement to conclude the litigation.  *See United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002).

A consent decree or judgment is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation."  *Id.*  Consent decrees commit a court to continued supervision of the terms of a contract, which any party to the contract may enforce by returning to the court and initiating contempt proceedings.  *See Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987) (explaining that a consent judgment is "an exercise of federal power, enforceable by contempt").  A consent judgment is a final judgment on the merits and prevents relitigation of the underlying claim. *Arizona v. California*, 530 U.S. 392, 414 (2000); *United States v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988).

The prerequisite to such an exercise of federal judicial authority is that a consent decree: (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) come within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based.  *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*,

3

478 U.S. 501, 525 (1986).  Additionally, "the judge must satisfy himself that the decree is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the court's limited resources."  *State v. City of Chicago*, 912 F.3d 979, 987 (7th Cir. 2019) (quoting *Kasper*, 814 F.2d at 338).  Finally, the court must conclude that the consent decree is "fair, adequate, reasonable, and appropriate under the particular facts and that there has been valid consent by the concerned parties." *Bass v. Fed. Sav. & Loan Ins. Corp.*, 698 F.2d 328, 330 (7th Cir. 1983); *see also E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F. 2d 884, 889 (7th Cir. 1985).

But parties are not entitled to consent judgments.  A "federal court is more than 'a recorder of contracts' from whom parties can purchase injunctions; it is 'an organ of government constituted to make judicial decisions . . . .'"  *Local No. 93*, 478 U.S. at 525; *see also NLRB v. Brooke Indus. Inc.*, 867 F.2d 434, 436 (7th Cir. 1989) (Posner, J.) (in chambers) ("[The parties] are incorrect to contend that I have no choice but to rubber stamp their proposal [of a consent decree].").

### III. DISCUSSION

The Parties' Motion is denied because the Parties have not said enough for the Court to perform its independent role in approving consent decrees and granting permanent injunctive relief.

First, the Parties do not state why the Court should enter the proposed consent judgment and they do not discuss any of the factors laid out in *Local No. 93*, 478 U.S. at 525, and *Kasper*, 814 F.2d at 338.  It is true that the Parties summarize some of the provisions they wish the court to enforce, but that is not

enough to allow the Court to perform its independent role to determine if the proposed consent decree is (1) "consistent with the law," (2) "not harm[ful] [to] third parties," and (3) "an appropriate commitment of the court's limited resources," such that retaining jurisdiction to enforce it is permissible. *Metro. Life Ins. Co. v. Hanni*, No. 1:17-cv-80-TLS, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017) (quoting *Kasper*, 814 F.2d at 338); *see also, e.g., United States v. First Merchants Bank*, No. 1:19-cv-02365-JPH-MPB, 2019 WL 3779768, at *1–2 (S.D. Ind. Aug. 12, 2019) (granting parties' motion for agreed order but only following the submission, pursuant to court order, of a joint memorandum explaining how consent decree was appropriate); *Henry v. Omoi, Inc.*, No. 25-cv-3151, 2026 WL 636799, at *8 (N.D. Ill. Mar. 6, 2026) (emphasizing the strain consent decrees place on limited court resources to the detriment of other litigants); *Zurcher Tire, Inc. v. Boland*, No. 1:24-cv-518-CCB-SLC, 2025 WL 1666035, at *2 (N.D. Ind. June 11, 2025) ("It is not enough that the proposed consent decree contains information that might help the Court decide whether to issue the proposed consent decree. A motion for the entry of a consent decree, even if agreed to by the parties, must at least briefly explain why the decree is consistent with the Constitution and laws, would not harm the rightful interest of third parties, and is an appropriate commitment of Court resources."); *Mulhern v. ADT Sec. Servs., LLC*, No. 2:18-cv-229-TLS, 2019 WL 6307233, at *2 (N.D. Ind. Nov. 25, 2019) ("To the extent that the parties intend for the terms within the 'confidential settlement agreement' to be enforceable through a consent decree, all such terms must be included in the proposed Consent Order and Decree.").

In other words, the Court lacks material information about the proposed consent judgment to grant the Motion.

Second, the Court cannot simply review the docket on its own to glean the necessary information. For starters, the settlement agreement is confidential—the Court has not seen the full terms—yet the Parties request the Court to enforce it and retain jurisdiction to resolve any future "disputes related thereto." Dkt. 76-1 at 4. Further, the Parties do not explain why a stipulated motion to dismiss would be insufficient and why using the Court's limited resources is necessary. *See Duncanson v. Wine & Canvas IP Holdings LLC*, No. 1:16-cv-00788-SEB-DML, 2020 WL 2840010, at *3 (S.D. Ind. May 29, 2020) (We have been left entirely in the dark about any reasons the parties may have for why a consent decree is the superior vehicle for settlement rather than a simple stipulated dismissal.).

Third, the Court notes that the Parties ask for a permanent injunction but do not include a full discussion of the factors set forth under Fed. R. Civ. P. 65(d). The Seventh Circuit has insisted on strict compliance with the requirements of Rule 65(d). *See United States v. Apex Oil Co., Inc.*, 579 F.3d 734, 739–40 (7th Cir. 2009) (citing cases). The Parties state "[c]onsistent with that [settlement] agreement, the parties hereby request that the Court enter the Permanent Injunction, as evidenced by their signatures on that document." Dkt. 76 at 1. But as noted above, the injunction is premised on a confidential settlement agreement that the Court has not seen. This is not enough to satisfy Rule 65(d). *Trs. of Indiana State Council of Roofers Health & Welfare Fund v. CMT Roofing,*

6

*LLC*, No. 4:16-cv-87-JPK, 2019 WL 968064, at *2 (N.D. Ind. Feb. 28, 2019)*; see also Blue Cross & Blue Shield Ass'n*, 467 F.3d at 636 (explaining that a court order entering judgment to enforce the parties' settlement agreement is an injunction and must satisfy Rule 65(d)); *see also Dupuy v. Samuels*, 465 F.3d 757, 758 (7th Cir. 2006) (explaining that Rule 65(d) "requires that an injunction be a self-contained document rather than incorporate by reference materials in other documents.").

### IV. CONCLUSION

The Parties' Motion, dkt. [76], is **DENIED**. The Parties must discuss the necessary factors set forth in *Local No. 93*, *Kasper*, and Rule 65 in a future joint motion. Conversely, if the Parties choose to not file a renewed joint motion, they may file a stipulation of dismissal or motion to dismiss, in which case the Court would not retain jurisdiction to enforce the Parties' settlement, but such settlement would thereafter be enforceable as a contract.

**SO ORDERED**.

Date: 6/18/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record

7